UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CYNTHIA PIERCE                                              CIVIL ACTION

VERSUS                                                      NO. 07-1294

MICHAEL J. ASTRUE                                           SECTION "K"(3)

COMMISSIONER OF SOCIAL SECURITY


### ORDER AND REASONS

Cynthia Pierce ("Pierce") has sought judicial review pursuit to Section 405(g) of the Social Security Act (the "Act") of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Pierce claimed inability to work as of August 15, 1994 due to a disabling spine condition, pain and depression.  Pierce seeks benefits from February 28, 2003 as her onset date.  She has a high school education and her past relevant work is that of a staffing coordinator and a waitress.  She has claimed disability based on a multitude of impairments, including aortic insufficiency, mitral and tricuspid regurgitation, irritable bowel syndrome, prolapsed colon, lumbar disc disease and emphysema.  The Administrative Law Judge denied benefits finding that Pierce was capable of performing sedentary work and that she is able to perform her past relevant work as a staffing coordinator and is thus not disabled within the meaning of the Act.

The matter was presented on cross motions for summary judgment.  On September 9, 2008 (Doc. 18), the Magistrate Judge issued a Report and Recommendation to this Court finding

that the decision of the ALJ should be affirmed and that the plaintiff is capable of performing her past relevant work of a staffing coordinator.

## PLAINTIFF'S OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) (2004) and FedR.Civ.P. **72**(b) (2004), the plaintiff has filed an Objection to the Report and Recommendation, which is summarized as follows:

1. The ALJ failed to make the necessary findings to establish the staffing coordinator job is past relevant work.

2. There is a lack of substantial evidence to support the conclusions that Pierce could perform alleged past relevant work as a staffing coordinator.

3. The ALJ made improper credibility determinations regarding Pierces' uncontrollable diarrhea based upon a mischaracterization of the medical record.

4. The ALJ failed to access whether Pierce could maintain employment as required by the Fifth Circuit's ruling in *Watson v. Barnhart.*

5. The ALJ failed to make the specific inquiry regarding conformity with DOT definitions as required by Social Security ruling 00-4p.

## LEGAL STANDARD

This Court reviews the Report and Recommendation of the magistrate *de novo*. 28 U.S.C. § 636(b)(1): Fed.R.Civ.P. 72(b). However, the Court's review of the decision of the Social Security Administration is limited to determining whether the decision of the Commissioner is (1) supported by substantial evidence, and (2) whether the proper legal standard was applied. 42 U.S.C. §405(g) (2004): *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir.2000). Further, the opinion of a treating physician is accorded significant deference under both Fifth Circuit jurisprudence FN3.*E.g. Martinez*, 64 F.3d at 176 and federal regulations FN.20 C.F.R. §

404.1527(d)(2).

## ANALYSIS

**Issue 1: The ALJ failed to make the necessary findings to establish the staffing coordinator job is past relevant work.**

The Magistrate Judge made the following specific finding to which plaintiff objects: "Indeed, the transcript of the hearing reiterated above reveals it was undisputed that: (1) the record contained sufficient evidence[55] upon which to base a finding that Plaintiff was capable of performing her past relevant work both as actually performed and as generally performed in the national economy: and (2) that plaintiff's prior position as staffing coordinator (which she performed for approximately 2 ½ years between 9/89 and 1/92) qualified as plaintiff's "past relevant work" within the meaning of the Act." (R & R pp. 19-20)

Pierce contends that this finding is not supported by the record. The Court has reviewed the alleged disagreement between Pierce and her counsel and plaintiff's contention as to this issue is not supported by a reading of the entire transcript. The Court concurs with the findings of the Magistrate Judge on this issue.

**Issue #2: There is a lack of substantial evidence to support the conclusions that Pierce could perform alleged past relevant work as a staffing coordinator.**

This contention is not supported by a reading of the entire transcript. The Court concurs with the finding of the Magistrate Judge on this issue.

**Issue #3: The ALJ made improper credibility determinations regarding Pierce's uncontrollable diarrhea based upon a mischaracterization of the medical record.**

Again this contention is not supported by a reading of the entire transcript. The Court has reviewed the entire record and based on the standard that this court must follow, there is

certainly sufficient evidence in the record to support the credibility determinations of the ALJ.

> **Issue #4: The ALJ failed to access whether Pierce could maintain employment as required by the Fifth Circuit's ruling in *Watson v. Barnhart*.**

This contention is not supported by a reading of the entire transcript.  This Court finds that the record does not support Pierce's claim that she could maintain employment. Plaintiff contends the ALJ and the Magistrate Judge erred by failing to assess her ability to maintain employment in accordance with *Watson v. Barnhart,* 288 F.3d 212 (5th Cir.2002).  Pierce has not seen a physician for a considerable period of time and is not taking any medication, unless her illegal use of marijuana and the occasional consumption of Scotch would be regarded as medication, which this Court obviously declines to do.  Pierce has not offered any credible evidence that her condition "waxes and wanes" in intensity such that her ability to maintain employment was not adequately taken into account in her residual functional capacity determination.  This Court agrees with the determination of the Magistrate Judge on this issue.

> **Issue #5: The ALJ failed to make the specific inquiry regarding conformity with DOT definitions as required by Social Security ruling 00-4p.**

The record does not support this contention.  Moreover, the plaintiff's counsel had an opportunity to cross examine the expert about any potential conflicts and failed to do so. Accordingly,

**IT IS ORDERED THAT** the commissioner's Motion for Summary Judgment is **GRANTED** and that the plaintiff's complaint be and is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this   22nd   day of September, 2008.

                                                                    **STANWOOD R. DUVAL, JR.**
                                                         **UNITED STATES DISTRICT COURT JUDGE**